# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>  Plaintiff,<br><br>  v.<br><br>HUCKABAY, *et al.*,<br><br>  Defendants. | Case No. 1:22-cv-00749-ADA-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF Nos. 1, 11, 13)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.  Background**

Plaintiff Jared Andrew Martin ("Plaintiff") is a county jail inmate and former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On August 19, 2022, the Court screened Plaintiff's complaint and found that Plaintiff stated a cognizable claim against Defendant Darren Huckabay, Sergeant, for excessive force in violation of the Eighth Amendment, but failed to state any other cognizable claims for relief against any other defendants. (ECF No. 11.) The Court ordered Plaintiff to either file a first amended complaint or notify the Court of his willingness to proceed only on the cognizable claim identified by the Court. (*Id.*) On August 25, 2022, Plaintiff notified the Court of his willingness to proceed on the cognizable claim identified by the Court. (ECF No. 13.)

///

## II. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

### A. Allegations in Complaint

Plaintiff is currently housed at Madera County Jail. The events in the complaint are alleged to have occurred at Valley State Prison in Chowchilla, California. Plaintiff names as defendants: (1) Darren Huckabay, Sergeant, (2) Raythel Fisher, Warden (3) County of Madera, and (4) City of Chowchilla.

Plaintiff alleges violations of the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments based on the following facts. In claim 1, Plaintiff alleges that on April 17, 2020 and May 6, 2020, Plaintiff was assaulted by Sergeant Darren Huckabay and other correctional officers. On May 6, 2020, without good reason or cause, Darren Huckabay hit Plaintiff in the

head several times. Plaintiff was then slammed on the concrete floor. Afterwards, Huckabay got on Plaintiff's back and twisted Plaintiff's arms and feet. Darren Huckabay then grabbed Plaintiff by the back of the head and slammed Plaintiff's face into the floor. Sergeant Huckabay then filed false RVRs and false police reports to cover up the assault on Plaintiff. Plaintiff spoke to several supervisors, including Warden Raythel Fisher, and all tried to hide his abuse and misconduct. Fisher did not stop them.

Plaintiff had bumps on his head, busted lips and bruises on his legs. He had pain in his arms, legs and back. His shoulder was broken, and he suffers from mental and physical trauma.

In claim 2, Plaintiff alleges that he was locked in Ad-Seg where Huckabay would starve and terrorize Plaintiff. Huckabay would deny Plaintiff medical treatment and lie and tell the medical staff that Plaintiff refused to be treated. Defendant Huckabay would tell his staff of correctional officers to mistreat Plaintiff by not feeding Plaintiff properly and write Plaintiff up for things he did not do. Huckabay kept Plaintiff in Ad-Seg for almost a year by not answering Plaintiff's calls for medical attention telling the medical staff to not treat Plaintiff. Huckabay kept Plaintiff in Ad-Seg to purposefully harass and abuse Plaintiff. He would cover Plaintiff's cell window for no reason and would not give Plaintiff a cellmate, although Plaintiff was eligible for one. Plaintiff was "tortured and terrorized" and had false claims filed against him.

Plaintiff lost weight and was not getting proper medical treatment.

In claim 3, Plaintiff alleges that disciplinary proceedings are important because the false reports and lies were written to send Plaintiff to a Level 4 security prison where Plaintiff would be victimized by other correctional officers. The false rules reports are used to send Plaintiff back to prison so Sergeant Huckabay can put a hit out on Plaintiff and have him murdered. Huckabay has made it known to other correctional officers that Huckabay wants Plaintiff dead. Plaintiff told the Madera County District Attorney and the Madera County Sheriff, and they will not stop it. The City of Chowchilla and Madera County did nothing to stop it.

As remedies, Plaintiff wants U.S. Attorney assistance and FBI protection. Plaintiff wants compensatory and punitive damages. He wants Huckabay arrested and fired.

///

B. Discussion

1. **Federal Rule of Civil Procedure 8**

Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but it is not a plain statement of his claims showing that he is entitled to relief. Plaintiff's allegations are conclusory do not state what happened, when it happened, or which defendant was involved. General assertions regarding Plaintiff's fears that certain CDCR employees are trying to set up Plaintiff are not sufficient. Conclusory allegations of events are not sufficient.

2. **Supervisory Liability**

To the extent Plaintiff seeks to hold any defendant liable based solely upon their supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); accord *Lemire v. Cal. Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient

4

1   that the policy itself is a repudiation of constitutional rights and is the moving force of a

2   constitutional violation." *Crowley*, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646

3   (9th Cir. 1989)) (internal quotation marks omitted).

4         Plaintiff has failed to allege direct participation in the alleged violations by Defendant

5   Fisher.  Plaintiff has failed to allege the causal link between defendant and the claimed

6   constitutional violation which must be specifically alleged.  He does not make a sufficient

7   showing of any personal participation, direction, or knowledge on the defendant's part regarding

8   any other prison officials' actions.  Plaintiff has not alleged that the Defendant personally

9   participated in the alleged deprivations.  Plaintiff's conclusory allegation that Fisher was "hiding"

10  information is insufficient.

11        Plaintiff fails to allege what the specific policy is and the causal link between such

12  defendant and the claimed constitutional violation.  Conclusory allegations are insufficient.

13  Plaintiff also has failed to plead facts showing that any policy was a moving force behind the

14  alleged constitutional violations.  *See Willard v. Cal. Dep't of Corr. & Rehab.*, No. 14-0760, 2014

15  WL 6901849, at *4 (E.D. Cal. Dec. 5, 2014) ("To premise a supervisor's alleged liability on a

16  policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a

17  'direct causal link' between that policy and the alleged constitutional deprivation.").  Plaintiff has

18  failed to allege facts demonstrating that the policy itself a repudiation of Plaintiff's Eighth

19  Amendment rights.

20        **3.**      **Federal Rules of Civil Procedure 18 and 20**

21        The Court cannot determine if the allegations violate the rules against joinder.  Plaintiff

22  may not bring unrelated claims against unrelated parties in a single action.  Fed. R. Civ. P. 18(a),

23  20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith*, 507 F.3d 605,

24  607 (7th Cir. 2007); *Mackey v. Price*, 2020 WL 7319420, at *3–4 (E.D. Cal. Dec. 11, 2020),

25  report and recommendation adopted, 2021 WL 843462 (E.D. Cal. Mar. 5, 2021).  Plaintiff may

26  bring a claim against multiple defendants so long as (1) the claim arises out of the same

27  transaction or occurrence, or series of transactions and occurrences, and (2) there are commons

28  questions of law or fact.  Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th

Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. *Id.* at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not raise different claims against different defendants in a single action. For instance, Plaintiff may not, in a single case, assert a claim related to the force used by Huckabay in May 2020 with being housed in Ad-seg and events occurring in Ad-seg, such as denial of food.

### 4.  *Monell* Liability Against County of Madera and City of Chowchilla

Plaintiff has named the County of Madera and the City of Chowchilla as defendants.

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978); however, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior, *see Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691; *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995). Local governing bodies therefore may be sued directly under § 1983 for monetary, declaratory or injunctive relief for the violation of federal rights. *See Monell*, 436 U.S. at 690. They are absolutely immune from liability for punitive damages under § 1983, however. *See City of Newport v. Fact Concerts, Inc*., 453 U.S. 247, 271 (1981).

To impose municipal liability under § 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal quotation marks omitted).

A local governmental entity may be liable if it has a "policy of inaction and such inaction amounts to a failure to protect constitutional rights." *Lee v. City of Los Angeles*, 250 F.3d 668,

681 (9th Cir. 2001) (quoting *Oviatt*, 954 F.2d at 1474). The custom or policy of inaction must be the result of a conscious or deliberate choice to follow a course of action made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question. *City of Canton*, 489 U.S. at 389; *Oviatt*, 954 F.2d at 1477 (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483–84 (1986) (plurality opinion)).

Plaintiff fails to state a cognizable claim. Here, Plaintiff has not identified a policy which violated his rights and has not linked any alleged violation of his rights to a policy or practice attributable to Madera County or the City of Chowchilla, nor has he provided facts to support that Madera County or the City of Chowchilla knew of, and blatantly ignored, the alleged violations committed by officers at Valley State Prison. These entities are not liable merely because Valley State Prison is located within their geographical boundaries. Therefore, Plaintiff has failed to state a cognizable claim against these defendants.

### 5. Eighth Amendment

#### a. Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994) (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6–7. Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 9. De minimis uses of physical force do not violate the constitution provided that the use of force is not of a sort "repugnant to the conscience of mankind." *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

7

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury . . . [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.' " *Id.* (quoting *Whitley v. Albers*, 475 U.S. 1078, 1085 (1986)). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321–22.

Liberally construing the allegations in the complaint, Plaintiff states a cognizable claim for excessive force against Defendant Huckabay for the incident of slamming Plaintiff and beating Plaintiff "for no good cause" on May 6, 2020. Plaintiff fails to state a cognizable claim against Defendant Huckabay for the incident on April 17, 2020, because no facts are provided as to the incident.

Plaintiff has not named the "other officers," and therefore fails to state a claim against them.

         b.  Deliberate Indifference to Medical Care

Plaintiff alleges a claim for deliberate indifference to a serious medical need.

To allege a claim of deliberate indifference, plaintiff must show he had a serious medical need and defendants were deliberately indifferent to that need. A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' " *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." *Id.* at 1059–60. By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

///

1         Deliberate indifference is established only where the defendant subjectively "knows of
2  and disregards an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051,
3  1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).
4  Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond
5  to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v.*
6  *Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted).  Civil recklessness (failure "to act
7  in the face of an unjustifiably high risk of harm that is either known or so obvious that it should
8  be known") is insufficient to establish an Eighth Amendment violation.  *Farmer v. Brennan*, 511
9  U.S. 825, 836–37 & n.5 (1994) (citations omitted).
10         A difference of opinion between an inmate and prison medical personnel—or between
11 medical professionals—regarding appropriate medical diagnosis and treatment is not enough to
12 establish a deliberate indifference claim.  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989);
13 *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004).  Additionally, "a complaint that a
14 physician has been negligent in diagnosing or treating a medical condition does not state a valid
15 claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not
16 become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at
17 106.  To establish a difference of opinion rising to the level of deliberate indifference, a "plaintiff
18 must show that the course of treatment the doctors chose was medically unacceptable under the
19 circumstances." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).
20         In applying this standard, the Ninth Circuit has held that before it can be said that a
21 prisoner's civil rights have been abridged, "the indifference to his medical needs must be
22 substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this
23 cause of action." *Broughton v. Cutter Labs.,* 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v.*
24 *Gamble*, 429 U.S. 97, 105–06 (1976)).  Even gross negligence is insufficient to establish
25 deliberate indifference to serious medical needs.  *See Wood v. Housewright*, 900 F.2d 1332, 1334
26 (9th Cir. 1990).
27         Plaintiff fails to state a cognizable claim.  Here, Plaintiff does not allege a serious medical
28 need.  He does not allege what his medical needs were such that he was in need of medical care.

Further, Plaintiff fails to allege facts that any defendant subjectively knew of and disregarded an excessive risk to inmate health and safety. Plaintiff must state factual allegations of his interactions with Defendant Huckabay regarding Plaintiff's requests for medical care. Plaintiff does not allege who he told he was in need of medical care and what was said and what happened.

### c. Failure to Provide Food

Adequate food is a basic human need protected by the Eighth Amendment. *See Keenan v. Ha*ll, 83 F.3d 1083, 1091 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998). The Eighth Amendment right to food was clearly established as of at least 2001 . *Foster v. Runnels*, 554 F.3d 807, 815 (9th Cir. 2009). Denial of food service presents a sufficiently serious condition to meet the objective prong of the Eighth Amendment deliberate indifference analysis. *Id*. at 812–13; *see, e.g.*, *id.* at 812 (denial of 16 meals over 23 days was "a sufficiently serious deprivation because food is one of life's basic necessities"); and *id*. at 812 n.1 (denial of 2 meals over 9-week period was not sufficiently serious to meet objective prong of Eighth Amendment deliberate indifference).

Plaintiff may be able to allege, objectively, Plaintiff's deprivation of food was sufficiently serious to form the basis of an Eighth Amendment claim. "The Eighth Amendment 'requires only that prisoners receive food that is adequate to maintain health.'" *Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1259 (9th Cir. 2016) (citing *Foster*, 554 F.3d at 813 n.2). Plaintiff alleges that he lost weight from lack of food. However, Plaintiff fails to state factual support that the denial of food service was sufficiently serious, such as how often or for how long he was denied food. Plaintiff does not set forth factual allegations showing that any specific defendant was subjectively aware of a serious risk to Plaintiff's health and that the defendant deliberately disregarded such risk. *See, e.g.*, *Foster,* 554 F.3d at 814. Moreover, Plaintiff will not be permitted to proceed on any claims that are misjoined with this claim.

### 6. Failure to Investigate

To the extent Plaintiff alleges that Defendant Fisher failed to investigate Plaintiff's claims, that is not a basis for a plausible §1983 claim. *Baker v. Beam*, 2019 WL 1455321, at *6 (E.D.

Cal. 2019). To the degree Plaintiff is trying to hold the individuals or others liable for an independent, unspecified constitutional violation based upon an allegedly inadequate investigation, there is no such claim. *See Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (per curiam) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved."); *Page v. Stanley*, 2013 WL 2456798, at *8–9 (C.D. Cal. June 5, 2013) (dismissing Section 1983 claim alleging that officers failed to conduct thorough investigation of plaintiff's complaints because plaintiff "had no constitutional right to any investigation of his citizen's complaint, much less a 'thorough' investigation or a particular outcome").

### 7. Verbal Harassment

Plaintiff is advised that mere verbal harassment or abuse, including the use of racial epithets, does not violate the Constitution and, thus, does not give rise to a claim for relief under 42 U.S.C. § 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Even verbal threats, without more, do not rise to the level of a constitutional violation. *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987); *Puckett v. Baraona*, No. 1:21-CV-1448 BAM PC, 2022 WL 268071, at *2 (E.D. Cal. Jan. 28, 2022), report and recommendation adopted, No. 1:21-CV-01448 DAD BAM PC, 2022 WL 800988 (E.D. Cal. Mar. 16, 2022) (failure to state a claim for calling Plaintiff a "wetback.")

Plaintiff alleges he was harassed and "terrorized." Such conclusory allegations do not state a cognizable claim.

### 8. Bringing Criminal Charges

Plaintiff seeks criminal charges against Defendants.

Plaintiff has no constitutional right to have another person criminally prosecuted. *See Linda R.S. v. Richard D.*, 410 U.S. 614 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Johnson v. Craft*, 673 F. Supp. 191, 193 (D. Miss. 1987) ("The decision to prosecute a particular crime is within the authority of the state, and there appears to be no federal constitutional right to have criminal wrongdoers brought

to justice."); *Smith v. Cambpell*, No. 1:19-CV-00271 BAM PC, 2020 WL 4570336, at *4 (E.D. Cal. Aug. 7, 2020) (dismissing district attorneys for failure to state a claim for not criminally prosecuting Plaintiff's alleged assailants in state court.)

### 9. Housing

In general, prison officials' housing and classification decisions do not give rise to federal constitutional claims encompassed by the protection of liberty and property guaranteed by the Fifth and Fourteenth Amendments. *Montayne v. Haymes*, 427 U.S. 236, 242 (1976) (It is well settled that prisoners have no constitutional right to placement in any particular prison, to any particular security classification, or to any particular housing assignment.); *accord King v. Lemos*, No. 1:20-CV-01837-NONE-BAM (PC), 2021 WL 2038187, at *6 (E.D. Cal. May 21, 2021); *Sanford v. Eaton*, No. 1:20-CV-00792 JLT BAM PC, 2022 WL 1308193, at *9 (E.D. Cal. May 2, 2022), report and recommendation adopted, No. 1:20-CV-00792 JLT BAM PC, 2022 WL 2181782 (E.D. Cal. June 16, 2022) (no right to stop transfer).

### 10. False Reports

A false report is not a constitutional violation. Plaintiff alleges that Defendants falsified the RVRs and statements. *Johnson v. Felker*, No. 1:12–cv–02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citations omitted). Plaintiff's complaint therefore fails to state a claim based on allegations of a false medical injury report. *Sanford v. Eaton*, No. 1:20-CV-00792 BAM (PC), 2021 WL 1172911, at *7 (E.D. Cal. Mar. 29, 2021) (denying a claim alleging falsified medical report and statements made by Plaintiff), declining to adopt on other grounds, *Sanford v. Eaton*, No. 1:20-CV-00792-JLT BAM (PC), 2022 WL 168530, at *2 (E.D. Cal. Jan. 19, 2022). Plaintiff does not have a separate claim for false reports.

### III. Conclusion and Recommendation

Based on the above, the Court finds that Plaintiff states a cognizable claim against Defendant Huckabay for violation of the Eighth Amendment for excessive force on May 6, 2020. However, Plaintiff's complaint fails to state any other cognizable claims for relief against any

other defendants.

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed June 21, 2022, (ECF No. 1), against Defendant Huckabay for excessive force on May 6, 2020, in violation of the Eighth Amendment; and
2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 26, 2022**              /s/ Barbara A. McAuliffe            _
                                          UNITED STATES MAGISTRATE JUDGE

13