# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>  Plaintiff,<br><br>  v.<br><br>HUCKABAY, *et al.*,<br><br>  Defendants. | Case No.  1:22-cv-00749-ADA-BAM (PC)<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF RE: EXTENSION OF TIME TO FILE RESPONSIVE PLEADING<br><br>(ECF No. 21)<br><br>**Responsive Pleading Due: March 2, 2023** |

Plaintiff Jared Andrew Martin ("Plaintiff") is a county jail inmate and former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. This action proceeds against Defendant Huckabay for excessive force on May 6, 2020, in violation of the Eighth Amendment.

On September 30, 2022, the Court ordered electronic service on Defendant Huckabay and directed the California Department of Corrections and Rehabilitation ("CDCR") to file a Notice of E-Service Waiver advising the Court which defendant(s) would be waiving service of process without the need for personal service. (ECF No. 17.) That order also required the California Office of the Attorney General ("OAG") to file, within 30 days from the filing of the Notice of E-Service Waiver, a separate waiver of service of process for any defendant waiving service under Federal Rule of Civil Procedure 4(d)(1). (*Id.*) CDCR returned the Notice of E-Service Waiver indicating that Defendant Huckabay intended to waive service on October 3, 2022. (ECF No. 19.) An executed waiver of service was filed for Defendant Huckabay on October 20, 2022. (ECF No. 20.) Pursuant to the Court's September 30, 2022, order finding service of complaint appropriate and directing electronic service, Defendant Huckabay's answer or other responsive pleading is therefore due on or before December 2, 2022. (*See* ECF No. 17.)

Currently before the Court is Defendant's motion for administrative relief re: extension of time to file responsive pleading, filed November 21, 2022. (ECF No. 21.) Plaintiff has not had the opportunity to respond to the motion, but the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 203(l).

In support of the motion, counsel for Defendant declares that the Correctional Law Section is currently understaffed due to attorney retirements, leaves of absence, transfers, and resignations. (ECF No. 21.) Despite the recruitment and hiring of additional attorneys, the enlistment of Deputy Attorneys General from other sections of the OAG, and Supervising Deputy Attorneys General personally handling cases in addition to their supervisory duties, the current Deputy Attorneys General handling Correctional Law Section cases will be unable to complete all appropriate casework if additional cases are assigned to them. Defendant therefore requests a ninety-day extension of time to respond to the operative complaint in this action, to allow the Deputy Attorneys General handling existing Correctional Law Section cases to complete existing assignments before turning to a new assignment in this case. (*Id.*)

The Court, having considered the request, finds good cause to grant the requested extension of time. Fed. R. Civ. P. 6(b). The Court further finds that Plaintiff will not be prejudiced by the extension requested here.

Accordingly, it is HEREBY ORDERED as follows:

1. Defendant's motion for administrative relief re: extension of time to file responsive pleading, (ECF No. 21), is GRANTED; and
2. Defendant Huckabay shall file and serve a response to the complaint on or before **March 2, 2023**.

IT IS SO ORDERED.

Dated:   **November 27, 2022**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE