# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HUCKABAY, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:22-cv-00749-ADA-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE AND DENYING MOTION FOR SUBPOENA AS PREMATURE<br><br>(ECF No. 23) |

　　　　Plaintiff Jared Andrew Martin ("Plaintiff") is a county jail inmate and former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Huckabay for excessive force on May 6, 2020, in violation of the Eighth Amendment.

　　　　Defendant Huckabay's response to the complaint is currently due on or before March 2, 2023. (ECF No. 22.) Discovery has not yet opened.

　　　　Currently before the Court is Plaintiff's motion for appointment of counsel and motion for a subpoena, filed November 30, 2022. (ECF No. 23.) Plaintiff requests his central file and medical records from the California Department of Corrections and Rehabilitation. Plaintiff states that he has tried numerous times to get this information, and CDCR has refused to provide these documents because they contain evidence of abuse, beatings, and torture of Plaintiff by CDCR employees. Plaintiff states that extraordinary circumstances exist, as he has four section

1

1983 lawsuits in federal court that have passed screening.  Plaintiff requests court appointed counsel for these matters.  (*Id.*)

Plaintiff is informed that he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases filed almost daily by prisoners who are pursuing multiple cases simultaneously, with limited access to legal resources and evidence.  These plaintiffs also must litigate their cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  Although the Court has found that Plaintiff states a cognizable claim against Defendant Huckabay, this alone does not indicate a likelihood of success on the merits.  Finally, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.

Plaintiff's request for a subpoena is premature.  Defendant Huckabay has been served with the complaint, but has not yet appeared and filed a response.  After Defendant Huckabay has appeared in this action, the Court will issue an order opening discovery.  If Plaintiff is unable to

obtain the information or evidence he needs through the normal process of serving discovery on Defendant Huckabay, he may renew his motion for a subpoena directed to non-party CDCR, if necessary.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion for appointment of counsel, (ECF No. 23), is DENIED, without prejudice; and
2. Plaintiff's motion for a subpoena, (ECF No. 23), is DENIED, as premature.

IT IS SO ORDERED.

Dated: **December 2, 2022**      /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

3