# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JARED ANDREW MARTIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>HUCKABAY, *et al.*,<br><br>　　　　Defendants. | Case No. 1:22-cv-00749-ADA-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.　Background**

Plaintiff Jared Andrew Martin ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Huckabay for excessive force on May 6, 2020, in violation of the Eighth Amendment.

On March 6, 2023, this case was referred for post-screening Alternative Dispute Resolution and set for a video settlement conference on May 8, 2023. (ECF No. 28.) On March 16, 2023, the Court's order to Plaintiff was returned as "Undeliverable, Return to Sender, Not in Custody." Plaintiff's notice of change of address was therefore due on or before May 18, 2023. Local Rule 183(b).

On April 3, 2023, Defendant filed a motion requesting that the Court stay this case and vacate or continue the May 8, 2023 settlement conference. (ECF No. 29.) Defendant further noted that according to the Madera County Inmate Lookup, Plaintiff was no longer incarcerated at

1

the Madera County Jail, his last-known address.  Plaintiff was also not incarcerated at a CDCR institution, pursuant to the CDCR Inmate Locator.  (*Id.*)

A recent search of CDCR's Inmate Locator and the Madera County Inmate Lookup appears to confirm Defendant's assertion that Plaintiff is no longer in the custody of Madera County or CDCR.[1]

Plaintiff has not filed a notice of change of address or otherwise communicated with the Court.

## II. Discussion

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> **Address Changes.**  A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[2]

Plaintiff's address change was due no later than May 18, 2023.  Plaintiff has failed to file a change of address and he has not otherwise been in contact with the Court. "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord*

---

[1] The Court may take judicial notice of public information stored on the CDCR Inmate Locator and Madera County Inmate Lookup websites.  *See In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1024 (N.D. Cal. 2014) (court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute); *Louis v. McCormick & Schmick Restaurant Corp.*, 460 F. Supp. 2d 1153, 1155 n.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records).

[2] Courts may dismiss actions sua sponte under Rule 41(b) based on the plaintiff's failure to prosecute.  *Hells Canyon Pres. Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).

*Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  *In re PPA*, 460 F.3d at 1226 (citation omitted).

Given Plaintiff's failure to respond to this Court's order, the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal.  *Id.* at 1227.  More importantly, given the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action and his failure to apprise the Court of his current address.  *Id.* at 1228–29; *Carey*, 856 F.2d at 1441.  The Court will therefore recommend that this action be dismissed based on Plaintiff's failure to prosecute this action.

### III.   Conclusion and Recommendation

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed, without prejudice, based on Plaintiff's failure to prosecute.  Fed. R. Civ. P. 41(b); Local Rule 183(b).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, under the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 24, 2023**                               /s/ *Barbara A. McAuliffe*
                                                                       UNITED STATES MAGISTRATE JUDGE